## John Smith *v.* John Moore.

Art. 678 of the Code of Practice, which requires where land, slaves, or other objects susceptible of being mortgaged, are to be sold by the sheriff, that he shall read a certificate obtained from the Register of Mortgages in the parish where the sale is made, to show whether there exist any privileges or mortgages on the property offered for sale, contemplates such a certificate as will exhibit to bidders the situation of the property in relation to existing incumbrances, whether created by the actual owner or previously, so far as the records will enable the Register to ascertain them. C. C. 3357.

The vendee of a purchaser at a sheriff's sale, though expressly subrogated to all the rights and privileges acquired by his vendor under the sheriff's sale, has no right of action against the Recorder of Mortgages for having given an imperfect and erroneous certificate, in consequence of which his vendor was induced to purchase property charged with incumbrances not made known at the time of the sale. *Per Curiam:* Such an action is not a real one, following the property ; nor one accruing to the purchaser at the sheriff's sale, by virtue of the sheriff's deed ; but is a personal one, arising from acts preceding the sale, and which entered into the motives for the purchase. The gist of the action against the Recorder, is the error into which the purchaser was led by the false certificate ; and to such an action it would, perhaps, be a good defence, that the purchaser was fully aware of the existing incumbrances, though omitted in the certificate. To make out such a defence, the Recorder would be entitled to all legal evidence, and especially to resort to the conscience of the plaintiff by interrogatories ; and of these means of defence he would be deprived, by permitting an action in the name of the vendee of the purchaser, between whom and the Recorder there is no privity.

Appeal from the District Court of St. Mary, *King,* J.

*W. C. Dwight,* for the appellant.

*Voorhies, T. H.* and *W. B. Lewis,* for the defendant.

Bullard, J. This is an action against the late judge of the parish of St. Mary, and, *ex officio,* recorder of mortgages, to recover damages for having given an imperfect certificate of mortgages on a tract of land about to be offered at a sheriff's sale. The alleged defect consists in omitting to certify a judicial mortgage resulting from the record of a judgment against Lewis Moore, the former owner of the land. The land was seized as the property of Wilson, who had purchased from Lewis Moore ; and while the latter was the owner, the judgment operating as a judicial mortgage, was recorded. Bemis became the purchaser

at the sheriff's sale, and sold the land to the present plaintiff, Smith, who is clearly shown to have suffered eviction in consequence of the judicial mortgage not mentioned in the certificate, though shown to exist on the records of the office at the time.

There was a judgment for the defendant in the District Court, and the plaintiff appealed.

The defence of the appellee to this action, is two-fold : *first*, that the certificate given was such as the law required, and in conformity to the general practice of the recorders of mortgages throughout the State, to wit : a certificate of such mortgages of record in the office, as stand in the name of the owner for the time being, and not in the name of those of whom he may have acquired title ; and, *secondly*, that the plaintiff, not being the purchaser at the sheriff's sale, but having acquired the land afterwards, has no right to maintain this action.

I.   Article 678 of the Code of Practice, provides that, if lands, or slaves, or other objects susceptible of being mortgaged, are to be sold by the sheriff, he shall read, in an audible voice, "the certificate which he shall have obtained from the register of mortgages in the parish where the sale is made, to show whether there exist any privileges or mortgages *on the property* offered for sale." This article certainly contemplates, in our opinion, such a certificate as will exhibit to bidders the situation of *the property* offered for sale, in relation to existing incumbrances—whether created by the actual owner, or previously, so far as the records enable the recorder to ascertain them. But it has been argued, that the recorder cannot possibly ascertain the mortgages, unless the sheriff furnishes him with the name of the owner ; that the records do not contain a description of all the property in the parish susceptible of mortgage, so as to enable the recorder to certify in any other way than with reference to the name of the owner. It is true the law does not require impossibilities ; but we are by no means prepared to say, that it will, in all cases, be satisfied with a certificate of such mortgages as stand in the name of the defendant in the execution. We readily admit that the general practice has been otherwise, as stated by many of the judges and recorders of mortgages in the country ; but such practice cannot alter the law, which was intended as a protec-

Smith v. Moore.

tion to purchasers at sheriff's sales. Article 3357 of the the Civil Code renders this quite clear, by making the registers answerable in damages for omitting to mention in their certificates, one, or several acts existing on their registers; unless the error proceeds from a want of exactness in the description not imputable to them.

II. In regard to the second ground, the facts are that Bemis became the purchaser at the sheriff's sale, and afterwards sold to the plaintiff. The act of sale by Bemis to Smith, is in the usual form, and contains the following clause, after reciting that the vendor had acquired the land at a sheriff's sale : " hereby subrogating the said purchaser to all the rights and privileges acquired by virtue of the said sheriff's sale." The sale is with warranty, and all the rights and privileges to which the purchaser was entitled under the sheriff's deed, passed to the vendee. But the right of action against the recorder of mortgages for having given an imperfect and erroneous certificate, whereby Bemis had been deceived and induced to purchase property charged with incumbrances not made known at the time of the sale, is not, in our opinion, a real action following the property, nor is it an action which accrued to the vendor in virtue of the sheriff's deed ; but is a personal one, which arose from acts which preceded the sale, and entered into his motives for becoming the purchaser. The gist of the action against the recorder, is the error into which the purchaser was led by the false certificate, and to such an action it would, perhaps, be a good defence, that the purchaser was fully aware of the existing incumbrances, although they may have been omitted in the certificate. To make out such a defence, the recorder would be entitled to all legal evidence, and especially to resort to the conscience of the plaintiff, by interrogatories on facts and articles. Of this means of defence he is deprived by permitting the action to be brought in the name of his vendee, between whom and the Recorder there is no privity.

*Judgment affirmed.*