LILLY McRae *v.* WILLIAM W. CHAPMAN, Sheriff, and others.

A sheriff, by whom real property is about to be sold, is required by law to read a certificate from the Recorder of Mortgages, showing all the mortgages existing on it; and he should announce that the purchaser is entitled to retain in his hands out of the price of the adjudication, the amount required to satisfy the privileged debts and special mortgages to which it is subject; taking the bond of the latter; when the sale is on a credit, only for the surplus. If the bid be insufficient to discharge anterior special mortgages, no adjudication can take place.

Where the certificate read by the sheriff at the sale of property at twelve months credit, omits to mention a mortgage in favor of certain prior vendors of the pro-

perty, and the purchaser is afterwards evicted by them, the bonds of the purcha-
ser will be annulled, as given in error and without consideration. The omission,
of itself, is enough to invalidate the adjudication. C. P. 678, 683, 684. C. C.
1813, 1818.

APPEAL from the District Court of East Feliciana, *Johnson*, J.
*Merrick*, for the plaintiff.

*Lyons*, for the appellant.

MORPHY, J. The plaintiff, a purchaser at a sheriff's sale, gave
two twelve months' bonds, which she now seeks to have can-
celled, on the ground that she has been evicted of the property
adjudicated to her, under a previous mortgage not recited in the
certificate of mortgages read at the sale. She sued out an in-
junction to stay an execution which had issued on her bonds ;
and this injunction having been made perpetual on a hearing of
the case below, the present appeal was taken.

The record shows, that under a *fieri facias* in a suit of *Good-
man & Levy* v. *S. B. Nunn*, an acre of land, with the improve-
ments on it, was seized and adjudicated to the plaintiff, in April,
1840, for the sum of $814 08, for which she gave two twelve
months' bonds, with William Dunn, as her security; that the
certificate of mortgages, which was read at the sale, contains
a list of mortgages existing against Nunn, the defendant in ex-
ecution, and, among others, that of his vendors, Patrick and
Morgan, for $600, but makes no mention of a vendor's privi-
lege for $1000 on said acre of land, duly recorded in favor of
William Terrell against his vendee John M. Trescott, who had
sold the land to Patrick and Morgan; that in November, 1842,
on an order of seizure and sale obtained by Terrell upon his
vendor's mortgage, the property was seized and sold to J. S. R.
Guay. Under these facts, the petitioner was, we think, entitled
to the relief allowed her below. The twelve months' bonds
were clearly given in error, and without cause or consideration,
as there was no legal sale of the property to the plaintiff, and she
was subsequently evicted thereof. The price she bid was not
sufficient to cover the special mortgages on the property hav-
ing a preference over the judgment under which the sale took
place, it being only for $814 08, when the special mortgages
amounted to $1600, to wit : $600 in favor of Patrick and Mor-

gan, and $1000 in favor of William Terrell, an anterior vendor of the property. The sheriff should have read at the sale, a certificate showing all the mortgages existing on the premises seized. He should have announced that the purchaser was entitled to retain in his hands, out of the price of the adjudication, the amount required to satisfy the privileged debts and special mortgages the property was subject to, and should have taken a twelve months' bond only for the surplus. If the bid offered was insufficient to discharge such anterior special mortgages, no adjudication could lawfully take place. The purchase, moreover, being made with reference to the mortgages shown to exist by the certificate which the law requires to be read at sheriffs' sales, the omission in it of the special mortgage in favor of Terrell, may, of itself, be considered as a sufficient cause to invalidate the adjudication. It is hardly to be presumed that the plaintiff would have made the contract, and given her bonds, had the existence of this mortgage been known to her. Code of Practice, arts. 678, 683, 684. Civil Code, arts. 1813, 1818. 1 Mart. N. S. 600. 2 *Ib.* N. S. 604. 4 *Ib.* N. S. 154. 3 La. 418. Had the plaintiff paid the amount of her bid, and been subsequently evicted, she would have had her recourse for reimbursement against the plaintiffs and defendant in execution. Code of Practice, art. 711. Civil Code, art. 2599. If so, why should she be compelled to do the vain thing of paying to the plaintiffs in execution, money which she would be entitled to recover back by suit, in consequence of the eviction. *Lex neminem cogit ad vana.*

It has been urged by the appellant's counsel that if the plaintiff is injured by the omission or carelessness of the parish judge, she should look to him for indemnity, and that the plaintiffs in execution should not be the loser. In a case at Opelousas, in Sept. last (*Smith* v. *Moòre,* 9 Rob. 65) we intimated that the recorders of mortgages are bound to state in their certificates all the mortgages existing on the property seized, although not standing in the name of the defendant in execution, if their records enable them to do so. We are, therefore, by no means prepared to say, that the parish judge would not be liable to the plaintiff, had she paid her bonds, and could not recover back

the money from the seized debtor, or the judgment creditor; but, in the present case, there has been as yet no loss to any one, in consequence of the omission in the judge's certificate. The purchaser has not paid her bid, and the plaintiffs in execution would have made nothing out of his writ had the certificate shown all the mortgages on the property, and had the requisites of the law been complied with.

*Judgment affirmed.*