Bullard, J.
This is a monition sued out by Groves and Lee, who represent that they- became the purchasers of certain lots of *131 land at a sheriff's sale, made in pursuance of several writs of fieri facias, against the property of one Stone, an absentee.
The attorney appointed to defend the absentee, and Green, surviving partner of the firm of Miller & Green, and the curator of the vacant estate of the deceased partner, Miller, made opposition, and pray that the sale may be annulled. The grounds of opposition are: First, that there was no legal advertisement of said sale in the newspaper published in the parish ; Secondly, that the property was, at the date of the sale, encumbered by mortgages, which, by the terms of the sale, the purchasers did not assume to pay; and that, by reason of those informalities, the property which was appraised at $12,000, was sold for $700, on a credit of twelve months, subject to mortgages to the amount of $4500.
The previous adjudication of the same property to Miller & Green, through their alleged agent, Reading, may be laid entirely out of view, because it is clear, that the terms of the adjudication were not complied with, and the Sheriff had a right-to proceed and sell the property again.
The record exhibits a certificate of mortgages, which shows tha-t the land was much encumbered. Among others, there was a mortgage in favor of Miller & Green. The Sheriff’s return shows, that the land was sold in virtue of four different writs of fieri facias, and that $700 only was bid for the property at a year’s credit.
The Sheriff’s sale took place on the 9th day of August, 1842; and the first ground of opposition is, that the sale was not advertised according to law in the newspaper, which is shown to have been published at that time at Richmond, the seat of justice of the parish of Madison. It was not until Mareh, 1843, that the act of the legislature was approved and promulgated, entitled, “an act relative to the advertisement of judicial sales and monitions,” which dispensed with such advertisement in a newspaper, when one is published in the parish. By the act of February 28, 1828, such publication was dispensed with, it is true, in cases where the amount of the judgment by which such seizure had been ordered, shall be less than three hundred dollars. But this case does not come within the exception. There was but one paper published in the parish of Madison, and there is no evidence in the *132 record that the sale, which took place in August, 1842, was preceded by advertisement published therein, as required by art. 669 of the Code of Practice.
The second ground of opposition was, in our opinion, equally well founded. Nothing shows that the purchaser bid something over and above the previous special mortgages which existed on the property, without which no sale could be made. We have often held, that such previous encumbrances form essentially a part of the price for which the property is sold, and especially in a recent case in the Eastern District.* The bid here was only $>700, and there could be no sale according to art. 684 of the Code of Practice.

Judgment affirmed.

 See Bludworth et al v. Hunter et al. 9 Rob. 256. My'Rae v. Chapman et al. 10 Rob. 65. Perry v. Holloway, ib. 107.