## A. C. WATSON v. A. P. MARSHALL, Police Jury Warrantor.

Services imposed for the common or public utility relate to the space which is to be left for public use by the adjacent proprietors on the shores of navigable rivers, and for the making or repairing of levees, roads and other public or common works. C. C. 661.

All that relates to this kind of servitude is determined by laws or particular regulations. *Ibid.*

The 5th section of the Act of 1829 provides : " That the earth which shall be employed for the repairs and construction of a levee shall be taken at the distance of at least twenty feet from the base of said levee, on the side of the river. An exception is made in regard to the parishes of Concordia and Ouachita, in which the Police Juries have plenary powers as to roads and levees. § 52.

APPEAL from the District Court of the Parish of Tensas, *Farrar. J.*
Snyder & Lewis, for plaintiff. *Thos. P. Clinton*, for defendant and appellant. *T. P. Farrar*, for warrantor.

VOORHIES, J. The plaintiff, the owner of a plantation on the Mississippi, in the Parish of Tensas, injoined the defendant, who had contracted to buld the former's levee, from taking dirt on the plantation side of the levee.

On account of the transpiration and rain water, the latter found it very inconvenient to procure the required earth from the river side.

The question raised is, whether the defendant was at liberty to do so from either side of the works.

The fifth section of the Act of 1829 (Sess. Acts, p. 78) provides : " That the earth, which shall be employed for the repairs and construction of a levee, shall be taken at the distance of at least twenty feet from the base of said levee, on

the side of the river." But the 52d section of this statute declares that, as re-. gards the parishes of Concordia and Ouachita, the provisions of this Act shall not apply, except upon their adoption by the Police Juries of these respective parishes. And it proceeds to give them "plenary and unlimited power to make such enactments with regard to roads and levees, within their respective limits," &c.

In the absence of proof of any legislation on the subject by the Parish of Tensas, or by the Parish of Concordia, from which has been carved out the Parish of Tensas, this matter must be regulated, if at all, by the provisions of the general law. There being no ordinance authorizing the contractor to take earth inside of the levee, and the general law requiring it to be taken outside, the utmost right that could be claimed by that party, would be the latter.

Servitudes of this kind are determined by laws or particular regulations (C. C. 661); and the proprietor of the land is entitled to protection, whenever the exercise of such rights is not fixed by law.

The jury did not pass upon the demand in warranty : the issue is, therefore, pending yet in the inferior Court as between the defendant and the warrantor.

Judgment affirmed.

MERRICK, C. J., absent.