## No. 10021.

### WIDOW PATRICK DWYER vs. JAMES J. WOULFE, ET ALS.

A suit for hypothetical damages, not yet sustained and which may never be suffered, cannot be countenanced.

In a suit against the succession and the surety of a notary, to hold them liable on account of the latter's failure to register seasonably an act of mortgage, another act having been in the meantime recorded, cannot be sustained, when it is not alleged that the property has proved insufficient to pay the claims, or that the drawer of the note and the succession of the notary are insolvent; that the debt has not been paid, in whole or in part, and that injury has been suffered.

It is not until such facts are alleged and proved and the dereliction of duty by the notary is established that damages, like those claimed, can be recovered.

APPEAL from the Civil District Court for the Parish of Orleans; *Rightor*, J.

*Posey & Ker*, for Plaintiff and Appellant.

*Breaux & Hall, James Timony* and *Sam. L. Gilmore*, for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. Plaintiff appeals from a judgment dismissing her suit on exceptions of prematurity, misjoinder and no cause of action.

The petitioner sets forth that on the 24th of October, 1884, she loaned Woulfe $5000, for which he issued his note, securing it by mortgage on certain real estate before Castell, notary; that said act was not recorded by the latter until the 24th November, 1885; that in the meantime said Woulfe secured another loan for $1500 by mortgage, on the same property, by act before the same notary, which was recorded on the 30th of October, 1885.

She avers that, in consequence of the failure of the notary to record her act without delay in the mortgage office, she *may* suffer damages to the extent of $5000, for which the drawer of the note, the succession of the notary and the surety of that official, are jointly and severally bound to her. She cites them and asks for judgment accordingly. To this petition, the exceptions mentioned were filed and sustained.

The plaintiff has already recovered judgment against Woulfe, the drawer. She does not allege that execution has been issued and returned *nulla bona* against him; or that the succession of Castell is insolvent, and that, in consequence, the surety on the latter's bond has become liable to her, for the amount of her note and that she has really *suffered* the injury.

Suing in advance for *hypothetical* damages which, as an abstract

Rawitzki vs. Railroad Company.

proposition, may never be sustained, cannot be countenanced; courts have enough to deal with actual wrongs.

It will be ample time for the plaintiff to revindicate what rights she may have, when the property mortgaged shall have been sold and shall have failed to realize sufficiently to satisfy, in part or in whole, the judgment on the note, and eventually when the succession of the notary will be shown to be insolvent and execution returned unsatisfied against the drawee of the note.

On the assumption of the notary's liability, it is only, if the property does not satisfy the debt, or the drawer of the note and the succession of the notary fail to pay it, that the surety on the latter's official bond can be called upon for indemnity, under the terms of the obligation which he has signed. R. S. 354.

There is surely no cause of action shown against the drawer of the note, who has already been condemned to pay it.

Judgment affirmed.