## No. 2760

### Second Circuit

## CITIZENS BANK & TRUST CO. v. WALKER

(December 11, 1926. Opinion and Decree.)
(January 28, 1927. Rehearing Refused.)
(March 28, 1927. Writ of Certiorari and Review denied by Supreme Court.)

Dhu Thompson, J. W. Elder, both of Ruston, and S. L. Digby, of Farmerville, attorneys for plaintiff, appellee.

W. J. Hammon, of Jonesboro; Theus, Grisham & Davis, of Monroe, attorneys for defendants, appellants.

## STATEMENT OF THE CASE

REYNOLDS, J. The Citizens Bank & Trust Company sues E. L. Walker and the sureties on his bond as Clerk of the District Court of Jackson Parish, Louisiana, for $1,000.00 with 8 per cent per annum interest thereon from January 1, 1925, until paid, and 10 per cent on the principal and interest, as attorney's fees, for a loss alleged to have been sustained by it by reason of an alleged neglect of official duty.

Plaintiff alleges that on February 10, 1919, E. L. Walker was the duly elected, qualified and acting Clerk of the District Court of Jackson Parish, Louisiana, and ex officio Notary Public, and Mrs. Robbie D. Ramsey his duly appointed and acting deputy, and that on said date W. S. Willhite, by act before her as such deputy clerk and ex officio Notary Public, mortgaged to W. H. Cook 120 acres of land, more or less, situated in Lincoln Parish, Louisiana, being N½ of SW¼ and SE¼ of NW¼ of Section 22, Township 17 North Range 3 West, to secure the payment of a certain promissory note for $1,000.00, signed by W. S. Willhite and Mrs. Alice Willhite, dated at Jonesboro, Louisiana,

February 10, 1919, payable to the order of W. H. Cook two years after its date, bearing interest at the rate of 8 per cent per annum from its maturity until paid and stipulating payment of ten per cent atorneys' fees if placed in the hands of of an attorney for collection, and that she, to identify the note with the mortgage, endorsed thereon:

"Ne Varietur.
"Identified with an act of mortgage executed before me this 10th day of Feby. 1919.
"Robbie D. Ramsey,
"Dy. C. D. C. & Ex-officio Notary Public."

It is further alleged that the interest on the note had been paid up to January 1, 1925.

And it is further alleged that on August 3, 1923, the payee endorsed the note "Without Recourse. W. H. Cook," and sold and delivered it to plaintiff for its face value.

It is further alleged that the deputy clerk and ex officio Notary Public failed to file the mortgage for record until 3:35 o'clock, P. M., on November 29, 1922, and that the mortgage was not recorded until November 29, 1922.

It is further alleged that by act dated October 3, 1919, filed for record on October 4, 1919, and recorded on November 28, 1919, W. S. Willhite sold the mortgaged property to W. F. Willhite, and that because of the failure of the deputy clerk and ex officio Notary Public to seasonably file the mortgage for record it lost its rank to the sale and was thereby rendered worthless.

It is alleged that the mortgaged property was worth $1,800.00 and that plaintiff has been damaged by the defendant's neglect of official duty in the amount of the prin-

cipal, interest and attorney's fees owing on the note.

And it is specially alleged:

"That it acquired said note from the said W. H. Cook in the good faith belief that it was a good and valid first mortgage note secured by a first mortgage on one hundred and twenty (120) acres of land situated in Jackson Parish, Louisiana, as it was represented to be by the said Cook, and as was indicated and evidenced by the paraph across the face of the said note, as herein alleged, and as is fully shown by the paraph on said note, hereto annexed and made a part hereof. And that at the time that it was acquired petitioner had no knowledge or information of the fact that said note was not as it was represented to be by the said W. H. Cook, and as it appeared to be by the paraph hereinbefore mentioned, a good and valid mortgage note.

"That acting on the good faith of the paraph across the face of said note, it acquired the same from the said W. H. Cook, paying him face value therefor, with the restrictive endorsement 'without recourse'; and that had it not been for the paraph across the face of said note, indicating that the same was secured by mortgage, it would not have accepted the said note without the unqualified endorsement of the said W. H. Cook, solely upon his representation."

It is also alleged that plaintiff did not learn "until the early part of the year 1925" that the mortgagor had sold the land after granting the mortgage and before the mortgage had been filed for record and that in consequence thereof the mortgage had been rendered worthless; and

"That about the time it discovered that the rights under the act of mortgage had been lost as a result of the failure and neglect of the said clerk * * * to record the same * * * that the maker thereof, W. S. Willhite, was adjudged a bankrupt, which was in the spring of 1925, and has since received a discharge as such bankrupt, and that there is now no possibility of collecting any part of the indebtedness from the maker, W. S. Willhite, or from his property."

The defendants filed an exception of no cause of action and it was sustained by the Court and plaintiff's suit dismissed and it has appealed.

## OPINION

If plaintiff has a right of action against defendants for indemnity it will only arise after it shall have exhausted its remedies to compel payment by Willhite and Cook.

Dwyer vs. Woulfe, 40 La. Ann. 46, 3 So. 360; Smith vs. Moore, 9 Rob. 65; Morano vs. Shaw, 23 La. Ann. 379.

In Dwyer vs. Woulfe, the plaintiff, holder of a note secured by mortgage on real estate passed by Castell, Notary, sued the maker and the succession of the Notary and the surety on his official bond for indemnity against possible loss of the debt by reason of the Notary having delayed filing the mortgage for record until after he had filed for record another mortgage on the same property passed by him securing another debt.

The District Court dismissed the suit on an exception of no cause of action and the Supreme Court affirmed the judgment, saying:

"The plaintiff has already recovered judgment against Woulfe, the drawer. She does not allege that execution has been issued and returned *nulla bona* against him; or that the succession of Castell is insolvent, and that, in consequence, the surety on the latter's bond has become liable to her for the amount of the note * * * "

"On the assumption of the Notary's liability, it is only, if the property does not satisfy the debt, or the drawer of the note and the succession of the Notary fail to pay it, that the surety on the latter's official bond can be called upon for indemnity,

under the terms of the obligation which he has signed."

In Smith vs. Moore, the plaintiff, a vendee of a purchaser of real estate at sheriff's sale, having been evicted under a duly recorded mortgage not disclosed by the mortgage certificate furnished to the sheriff for the sale, sued the Recorder of Mortgages for indemnity for having given an erroneous certificate in consequence of which plaintiff's vendor was induced to purchase property, charged with an incumbrance not made known at the time of the sale.

The defense was that the plaintiff, not being the purchaser at sheriff's sale, but having acquired the land afterwards, had no right to maintain the action.

The lower court sustained the defense and the Supreme Court affirmed the judgment, saying:

"The sale is with warranty, and all the rights and privileges to which the purchaser was entitled under the sheriff's deed, passed to the vendee. But the right of action against the recorder of mortgages for having given an imperfect and erroneous certificate, whereby Bemis had been deceived and induced to purchase property charged with incumbrances not made known at the time of the sale, is not in our opinion a real action following the property, nor is it an action which accrued to the vendor in virtue of the sheriff's deed; but is a personal one which arose from acts which preceded the sale, and entered into his motives for become the purchaser. The gist of the action against the recorder is, the error into which the purchaser was led by the false certificate, and to such an action it would, perhaps, be a good defense that the purchaser was fully aware of the existing incumbrances, although they may have been omitted in the certificate. To make out such a defense, the recorder would be entitled to all legal evidence, and especially to resort to the conscience of the plaintiff by interrogatories on facts and articles. Of this means of defense he is deprived by permitting the action to be brought in the name of the vendee, between whom and the recorder there is no privite."

Morano vs. Shaw, was the same kind of a case and the Supreme Court said:

"The act of omission by the recorder of mortgages which is complained of, if it give rise to an action at all, it is a personal action, and not in the character of a real action which follows the property. There is no liability on this defendant in the nature of a warranty. There is no privity between him and Morano. See the case of Smith vs. Moore, 9 Rob. 65. If liable on account of the omission complained of, the recorder would only be answerable in a personal action to the person purchasing the property."

Plaintiff alleges that Willhite has been discharged in bankruptcy and that therefore it is impossible now to make the debt out of him or his property; but it does not allege that Cook is insolvent or even that it had demanded payment of him and been refused.

Conceding, without deciding, that the general allegation that Willhite has been discharged in bankruptcy, without alleging that he had scheduled as liabilities his ex-contractu obligation on the note in question and his ex-delicto liability by reason of his having sold the mortgaged property without reservation of the rights of the mortgagee thereon under the unrecorded mortgage, and that Cook or plaintiff had been duly notified of the filing of Willhite's proceedings in bankruptcy, is sufficient to excuse plaintiff from suing Willhite, the petition fails to show that plaintiff made any effort whatever to compel Cook to indemnify it, not even that it requested him to do so.

When Cook transferred the note to plaintiff he thereby warranted both the existence and validity of the mortgage securing its payment, and this notwithstanding the transfer was "without recourse"; and he was bound to indemnify the plaintiff by reason of the loss of the security.

Templeman vs. Hamilton, 37 La. Ann. 754; and other cases cited in the syllabus.

And not only was he liable to plaintiff under the implied warranty but also under an express warranty, for the petition alleges that:

"* * * it acquired said note from the said W. H. Cook in the good faith belief that it was a good and valid first mortgage note secured by a first mortgage on one hundred and twenty (120) acres of land situated in Jackson Parish, Louisiana, *as it was represented to be by the said Cook.*" (Italics ours.)

The judgment of the District Court· sustaining the defendant's exception of no cause of action to the plaintiff's petition is right and accordingly it is affirmed.

ODOM, J., concurs in the decree.