Nos. 330, 399

First Circuit

## SUCCESSION OF TODD

(June 12, 1928. Opinion and Decree.)
(October 3, 1928. Rehearing Granted.)
(March 6, 1929. Opinion and Decree on Rehearing.)
(May 20, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

Hiddleston Kenner, of New Orleans, attorney for plaintiffs, appellants.

Milner & Porteous, of New Orleans, Harvey E. Ellis and R. D. Jones, of Covington, attorneys for defendant, appellee.

ELLIOTT, J. Claude, Sarah, wife of Forest Fogg, Rebecca, wife of John Chabrech, Mary, Berry and Ora Todd, the children, sole and forced heirs of James Todd, brought a petitory action against Marrero Chanove to recover of him Eighty acres of land being the W. ½ of the N. W. ¼ of Section 28 T. 8 S., R. 13 E., situated in the Parish of St. Tammany.

They allege the nullity of the legal proceedings conducted in the succession of James Todd, deceased, their father, which proceedings they claim are the authority for the title which said Chanove sets up to said land.

They pray that the order entered in the succession of their father, whereby Mrs. Sidonia Todd, their mother, was appointed administratrix of his succession, in so far as same affects the land claimed by said Chanove, and the order entered therein, whereby she was authorized to sell the real estate owned by their father at the time of his death, in so far as same affects said eighty acres, also the sale and adjudication made by the sheriff, based on said order to the extent that same concerns the land claimed by said Chanove, be annulled, avoided and set aside. That they be recognized as the children, sole and forced heirs of James Todd and as such, the owners, and entitled to the possession of said land, etc.

The defendant Chanove excepted to their petition on the ground that it disclosed a non-joinder of necessary parties defendant, res adjudicata as to the question of non-joinder, no cause of action, and prematurity of action until the plaintiffs comply with the mandate and final judgment of the Supreme Court, Succession of Todd, 165 La. 453, 115 So. 653. The exception of non-joinder and of no cause of action were sustained and the suit of the plaintiffs dismissed.

The plaintiffs have appealed.

Defendant and appellee filed in this court a plea of prescription against plaintiffs' demand on the ground that their charges against the sale under which defendant claims, amounted to nothing more than informalities and as such were barred and prescribed by the prescription of five years under the Civil Code, art. 3543.

The plaintiffs allege in their petition that their father was the owner and possessor of said land at the time of his death and that they succeeded him as such by inheritance from him. That at the time of his death, they were all minors, the youngest being about 22 months, and the eldest about 11 years of age. That said land was his separate and individual property, acquired by him previous to his marriage with their mother. That their mother Mrs. Sidonia Todd, never assumed the duties of or qualified as their tutor and never had a tutor nor under tutor appointed or qualified to act for them, when their interest was in conflict with or opposed to her interest as his surviving widow.

That at the time of their father's death, he did not owe any debts or have obligations of any kind. That at the time of his death he owned movable property worth $2000, immovables worth $6000, unencumbered and free of any obligations, and had in addition thereto, a sum of money in a solvent bank, more than sufficient in amount to pay the expenses of his last illness and funeral.

That their mother notwithstanding said fact and the fact that all the expenses of his last illness and funeral had been paid, presented a petition to the judge of the district court praying that she be appointed administratrix of his succession, falsely alleging that the same owed debts, making an administration necessary.

That the judge thereupon signed an order, directing that her application be filed and advertised in the official journal of the parish for ten days, with a notice of citation to all persons whose interest would be affected by granting the application, to appear in court and oppose the appointment if they so desired and to show cause why an administrator should not be

appointed to administer said estate, which notice was published as ordered.

That petitioners had a vital interest in opposing the administration and the appointment of an administrator, for the reason that their father left no debts, but all of them being minors, they were unable to receive notice and were powerless to oppose the appointment. That as a consequence, no opposition thereto was made and their mother was appointed and qualified.

That on the same day that their mother was appointed, she presented to the judge a petition in which she alleged it was necessary to sell the real estate left by their father in order to realize funds for the purpose of paying debts left by him and charges against his succession. That the judge acting on her petition, signed the order on the same day that he had appointed her, directing that the real estate belonging to the succession be sold by the sheriff as prayed for.

That the sheriff acting under the order, sold and adjudicated the land described in their petition to John A. Todd on January 17th, 1914.

That at the time said Chanove took possession of said land he was not an innocent third party acting in good faith, because he could have ascertained by reference to the record of said succession that petitioners were minors at the time, without a tutor or under tutor, and that the succession owed no debts.

The law, Code Practice, art. 967, and Civil Code, art. 1115, require that before an administrator can be appointed, notice of the application for appointment, must be published in order that those who desire to do so and whose interest require it, may oppose the appointment. This notice is, in effect, a citation or summons and the purpose of the law in requiring it before an appointment is made, is not accomplished when all those interested in opposing the appointment are non sui juris and at the same time have no representative whose duty it is to appear for them in court for the protection of their rights.

The law provides that the rights of minors in such matters shall be protected by tutors and under tutors but when they have none, then the publication of notice, as concerns them, is of no more effect than if not done.

Jurisdiction means the power of him who has the right of judging; Code Practice, art. 76; but if minors have no tutor nor under tutor, the power of judging and protecting their rights does not exist.

A judgment against a minor who has no tutor nor under tutor is null and void, Code Practice, arts. 206, 606 and 612.

According to plaintiffs' allegations, they were so situated at the time their mother applied to be appointed administratrix of their father's estate, that the publication of notice of her application, served no purpose as to them. The appointment as to them, was as if made without the publication of notice. According to their allegations, their rights as heirs of their father, required protection against the appointment of an administrator, but they were powerless to appear in court for their own protection and they had no tutor nor under tutor, whose duty it was to oppose the appointment in their behalf; therefore the appointment as to them produced no legal effect. That the appointment being the authority for the proceedings on which defendant's title is based, his title is invalid, and that their ownership was not divested by said proceedings. Allega-

tions of this kind state a cause of action.
Elkins vs. Canfield 5 N. S. 505;
Chew vs. Flint 7 La. 395;
Succession of Talbert, 16 La. Ann. 231;
Succession of Gusman, 35 La. Ann. 404;
Pfarr & Kullman vs. Belmont, 39 La. Ann. 294, 1 So. 681.

If a court has the power and authority to authorize a sale of succession property to pay debts, the third purchaser need not look beyond the order, but according to plaintiffs' allegations, the court did not have jurisdiction nor the power to appoint an administrator of their father's estate and there was none entitled to the legal status of such and with power to petition for the sale of the land in question, with the result that power in the court, to authorize the sale under which defendant claims, was wanting.

Such allegations state a cause of action against a third party claiming ownership, under an order which the court had no power to sign. Adle vs. Anty, 5 La. Ann. 631; Succession of Dumestre, 40 La. Ann. 571, 4 So. 328; Succession of Theze, 44 La. Ann. 46, 10 So. 412; Munday vs. Kaufman, 48 La. Ann. 591, 19 So. 619; McWilliams vs. Stair, 128 La. 757, 55 So. 343; Holland vs. Bryan, 148 La. 999, 88 So. 246; Jefferson vs. Gamm, 150 La. 373, 90 So. 682.

Louisiana Digest, vol. 3, Subject, Executors and Administrators, Sec. 264, 496.

The petition contains other grounds of attack, but they are not founded on the want of jurisdiction and power of the court in the matter of the appointment of the administratrix, nor to authorize the sale, consequently such grounds as against a third party, bound to ascertain if the court had power to appoint an administrator and to authorize the sale, but not bound to make any further inquiry, do not constitute

a cause of action and as to same the exception was properly sustained.

Want of jurisdiction and power on the part of the court to appoint an administrator and to authorize a sale of succession property is not an informality, when such exists, therefore defendant's plea of prescription against informalities must abide the finding of the court on that subject. If the power existed, the plea is good, if it did not, then the plea should be overruled.

Defendant's plea of prescription, in so far as same is offered for the purpose of cutting off inquiry into alleged illegalities, due to the want of jurisdiction and power on the part of the court, is overruled. As to all the other questions herein alleged, the same is sustained, and the action decreed barred by prescription.

As for the exception of no cause of action, the ruling of the lower court, sustaining same against grounds of attack, based on the want of jurisdiction and power in the court to appoint an administrator and to authorize the sale of the property in question, was erroneous and the judgment appealed from sustaining same is annulled, avoided and set aside and the exception is overruled, but as to all other grounds of attack herein the ruling is affirmed. The exception of non-joinder requires us to consider the opinion and decree of the Supreme Court, rendered in the previous suit brought by the plaintiffs against the same defendant, on account of the same land and the other two hundred and sixty acres sold to John A. Todd under the same order, at the same time and in the same sale.

The petition in the present case alleges that all the land left by their father was sold, but it picks out the piece claimed

by Chanove and attacks his title when it is plain that a decree annulling the adjudication to John A. Todd, in order to permit plaintiffs to recover the eighty acres claimed by Chanove, would affect the rights and titles of the others claiming under the adjudication. The same reason exists for sustaining the exception of non-joinder in the present suit, that existed in the suit appealed to the Supreme Court. We are bound to take cognizance of the facts stated by the Supreme Court, in acting on the appeal of the same parties from an adverse ruling on an exception of no cause of action in the previous suit. The ruling of the Supreme Court on the question of non-joinder is res adjudicata.

The judgment of the lower court on that exception was correct and the same is affirmed.

Plaintiffs and appellants to pay the costs in both courts.

—

ON REHEARING.

LECHE, J. Omitting numerous irrelevant details and conclusions of fact and of law, the pertinent facts alleged in plaintiffs' petition are substantially as follows:

James Todd died in the Parish of St. Tammany in the year 1913, leaving several children, all of whom were then minors. He was married but individually owned at the time of his death, some lands situated in the parish where he died. The widow of Todd who was the mother of his children and only heirs, was regularly appointed and qualified as administratrix of the succession. She subsequently prayed for and obtained an order to sell the property of the succession for the purpose of paying debts. The property was accordingly sold and bought by John A. Todd on January 17, 1914. The defendant Marrero Chanove bought the property from John A. Todd and he is presently being sued for the recovery of the property by the plaintiffs who claim to be the forced heirs of James Todd. The title of Chanove is claimed to be null and void for the reasons: 1. That there were no debts due by Todd when he died, and therefore there was no necessity for the appointment of an administrator; 2. That there were no debts due by the succession and therefore no necessity for the sale of the property; 3. That no tutor had been appointed to the minors and therefore that the minors are not bound by any of the proceedings had in the settlement of the succession.

The petition contains numerous charges of fraud which the plaintiffs make against their mother, who was administratrix of the succession and against John A. Todd, their uncle. There is no fraud charged against Chanove, the defendant, though petitioners do say that he might have discovered these fraudulent acts by an examination of the record and proceedings had in the succession of James Todd, No. 2083 of the docket of the 26th Judicial District Court for the Parish of St. Tammany.

Defendant filed various exceptions to plaintiffs' demand, only one of which, in our opinion, it is necessary to discuss as we believe that it finally disposes of the case. That exception is one of no cause of action for the reason that on the face of the petition, plaintiffs' demand is prescribed by the prescription of five years as provided in Art. C. C. 3543.

The sale was made on January 17, 1914, and the present suit was brought on March 1, 1928, over fourteen years after the sale was made.

The cited article of the C. C. provides that "all informalities connected with or growing out of any public sale, made by any person authorized to sell at public auction, shall be prescribed against by those claiming under such sale, after the lapse of five years from the time of making it, whether against minors, married women or interdicted persons."

The sale which plaintiffs attack, is a judicial sale. Succession of Blumberg, 148 La. 1030, 88 So. 297. The order authorizing and directing the sale, was issued by a Court of competent jurisdiction, in fact the only Court that could legally grant such an order. C. P. Art. 929.

The purchaser at a sale made at public auction under an order made by a judge having jurisdiction of the succession, is not bound to look beyond such decree in order to ascertain its necessity. Webb vs. Keller, 39 La. Ann. 56, 1 So. 423; Succession of Thomas, 114 La. 697, 38 So. 519.

Minor heirs alleging that the succession owed no debts, that an administration was unnecessary, that they were unrepresented and that the property was sold without the consent of a family meeting, will not authorize the annulment of a sale ordered by a Court of competent jurisdiction, in order to pay debts. Granger vs. Hebert, 121 La. 1046, 46 So. 1012; Thibodeaux vs. Barrow, 129 La. 395, 56 So. 339. An order of sale to pay debts is not invalid because obtained less than thirty days after the appointment of an administrator. Thibodeaux vs. Barrow, 129 La. 396, 56 So. 339.

Believing then, from the authorities here quoted, that the plea of no cause of action should be maintained on the ground that plaintiffs' demand is prescribed on the face of their petition, it is now ordered that our former decree be set aside and that the judgment of the District Court be affirmed.

———

ELLIOTT, J., dissenting: Plaintiffs allege ownership by inheritance from their father under the law, of the property· described in the petition, and that their ownership of same purports to have been taken from them under the forms of the law at a time when they were non sui juris, and when nobody charged by the law with the authority and duty to appear in Court and speak in defense of their ownership, had been appointed. That the taking was unjust and wrong under the law, and they claim the right to be heard in defense of their ownership. That they have never been heard in defense of the same.

I think they are entitled to a hearing and the ruling cuts them off from it. The question to my mind involves an elementary principle which has never heretofore been put squarely before the Courts, but has been recognized and never directly denied. Windsor vs. McVeigh, 93 U. S. 274, 23 L. Ed. 914; Elkins vs. Canfield, 5 Mart. (N. S.) 505; Adle vs. Anty, 5 La. Ann. 631; Succession of Dumestre, 40 La. Ann. 46, 4 So. 328; Holland vs. Bryan, 148 La. 999, 88 So. 246; Jefferson vs. Gamm, 150 La. 372, 90 So. 682.

It is well settled that a party must look to the jurisdiction of the Court, and that the truth of the record concerning matters within its jurisdiction cannot be disputed. There is no doubt about that, but in the many cases examined on the subject it appears that in all of them there was somebody with authority under the law to appear and speak for the party non sui juris at the time the order for the sale of his

property was granted. It is my conception of the law that in a case in which the Judge is called on to order the sale of property in such a situation, he should look to see if there are persons, owners, non sui juris who have nobody with authority under the law to protect their rights. And parties buying the property under the order are charged with the duty of looking into the situation far enough to ascertain if the facts existed, which gave the Court power and authority to sign the order.

If this be not true, ownership in such a case is not protected, and it is no use to say that heirs in such a situation are entitled to a mere residuum, because to so hold is to condemn them to pay debts without a hearing as to their existence.

For these reasons I think the exception should have been overruled and the case allowed to go to trial on the merits, as held in the original opinion.