HARDY, Judge.
This is a petitory action instituted by the children and heirs of W. W. Caldwell, deceased, who pray to be recognized as owners of a tract of land containing slightly less than 60 acres located in Ouachita Parish. Named as defendants are the individuals claiming ownership of various portions *195 and lots comprising the entire tract of land involved. From judgment in favor of defendants dismissing plaintiffs’ action they have appealed.
The basis of plaintiffs’ claims rests upon the asserted nullity of an administratrix’s deed by public sale, which instrument constitutes the common muniment of title under which all defendants claim as record owners. Defendants filed numerous pleas and exceptions, all of which were referred to the merits. After trial, for reasons set forth in a written opinion, the district judge sustained defendants’ plea of prescription based upon LSA-C.C. Article 3543.
The established facts show that William Walton Caldwell died on March 18, 1937, survived by Martha Jane Caldwell, his widow by a third marriage, and eight children, four of whom were born of his first marriage, two of his second and two of the third. Decedent’s estate consisted almost entirely of real property which was heavily encumbered. A substantial portion of the real estate was sold under foreclosure by the Federal Farm Mortgage Corporation, and the remaining property of decedent is that which is involved in this suit.
The chronological recital of the actions following Caldwell’s death discloses that the surviving widow, Martha Jane Caldwell, petitioned for appointment as Administra-trix of the succession on April 30, 1937, which application was filed May 25, 1937, and by petition of August 22, 1937, sought permission to take the oath and execute bond as Administratrix; an order granting this prayer was signed on August 22, 1937, and filed September 22, 1937. On January 27, 1939, Mary Jane Caldwell filed a petition praying for a reduction of the bond, order was granted accordingly and bond in the sum of $400.00 was filed February 8, 1939, on which date the oath was taken and letters of administration issued. On February 14, 1939, Martha Jane Caldwell filed a petition praying for the correction of the inventory, further alleging that she was a widow in necessitous circumstances; that the succession owed debts, and prayed that a portion of the property be sold for the purpose of payment of debts. Responsive to this petition, an order issued on February 24, 1939, ordering that the property be advertised and sold at public auction. On April 4, 1939, Martha Jane Caldwell, as Administratrix, conveyed the property to herself, individually, at public sale. On April 8, 1939, the Administra-trix filed a petition submitting a final accounting, and, after proceedings contradictorily with the Inheritance Tax Collector, notice of final accounting was filed, published, and on June 5, 1939, was homolo-gated. Finally, on July 28, 1943, Martha Jane Caldwell executed a declaration in the form of an authentic act correcting the description of the property which she had sold as Administratrix and acquired individually. This suit was filed on April 13, 1962.
Before this court counsel for appellants specifies error with respect to the judgment appealed from on the ground that the nullities in the succession proceedings were absolute rather than relative, and, as a result, the plea of prescription under LSA-C.C. Article 3543 was not properly sustained; alternatively, that the deed of the Ad-ministratrix, because of failure of description, did not convey the property which is the subject of this litigation, and, finally, that two of the named defendants did not acquire the property which they claim.
Plaintiffs allege the complete nullity of the succession proceedings, and, in support of this allegation, itemized fifteen separate grounds of attack, namely, that the petition offered no proof as to the death of W. W. Caldwell or the identity of his heirs; that proceedings were ex parte; the heirs received no notice of application for administration; the appointed Administratrix was illiterate; no administration was necessary ; the Administratrix failed to supply legal security or bond; the bond was not filed within the applicable legal delays; the oath of the Administratrix was not taken *196 within the time prescribed; the petition failed to sustain the necessity for the sale or to itemize the debts; the sale was made at the instance of the Administratrix; no debts were listed; no notice of the proposed sale was given to the heirs; no appraisal of the property was made in accordance with law; no tutor or curator was appointed for minors; the order of sale was defective with respect to a portion of the property.
The above itemization, in some respects, is redundant, and, as a whole, must be considered as only serving the purpose of delineating the details of the controlling issue which is presented, namely, whether the defects complained of constituted relative or absolute nullities.
Article 3543 of the LSA-Civil Code, which is relied upon by defendants as a basis for their plea of prescription, reads as follows:
“Art. 3543. Informalities in auction sales, two and five years prescription
“Art. 3543. That any and all in-formalities of legal procedure connected with or growing out of any sale at public auction of real or personal property made by any sheriff of the parishes of this State, licensed auctioneer, or other persons, authorized by an order of the courts of this State, to sell at public auction, shall be prescribed against by those claiming under such sale after the lapse of two years from the time of making said sale, except where minors or interdicted persons were part owners at the time of making it, and in the event of such part ownership by said minors or interdicted persons, the prescription thereon shall accrue after five years from the date of public adjudication thereof.”
The sale under consideration was a public sale authorized by order of a court of competent jurisdiction.
Certain facts were established on trial of the case which are pertinent to a consideration of the objections raised by plaintiff. At the time of decedent’s death, his children and heirs were well acquainted with his financial situation, realized that the estate, for all practical purposes, was insolvent, and knew that the greater portion of the property comprising the estate had been lost by foreclosure. The action of the surviving widow in claiming the dower rights of a widow in necessitous circumstances was the only action that made it possible for any part of the property to be preserved.
As noted by the district judge, a great number of the elements of improper procedure asserted by plaintiffs have clearly failed for want of proof. In the absence of such proof, the court correctly applied the presumption arising from the maxim “omnia rite acta praesumuntur.”
On the face of plaintiffs’ specifications of errors, it is obvious that they constitute, at most, an assertion of failure to observe formalities in connection with the succession proceedings and the conduct of the sale of the property.
The district judge relied upon Sun Oil Co. v. Roger, 239 La. 379, 118 So.2d 446; Munholland v. Scott, 33 La.Ann. 1043; Thibodeaux v. Thibodeaux, 112 La. 906, 36 So. 800; Arceneaux v. Cormier, 175 La. 941, 144 So. 722, and Tucker v. New Orleans Laundries, Inc. (La.App. 4th Cir., 1962, writs denied), 145 So.2d 365.
Some of the specified errors considered in the above cited cases involved the ex parte nature of the succession proceedings; the failure to notify or to cite the heirs of decedent; failure to file a list of debts; failure to comply with the delays provided by law for the appointment of an administrator, and for the application for an order to sell property; lack of a sufficient description of the property; sale for less than the required proportion of the assessed value; failure of appraisal; improper advertisement, etc., etc.
*197 The nullity of form as opposed to nullity affecting the substance of a transaction was particularly considered by the court in Thibodeaux v. Thibodeaux, cited supra. The opinion of Mr. Chief Justice Fournet in Sun Oil Co. v. Roger noted the importance of the inference from the record of the succession proceedings there under consideration of the lack of any intent on the part of the administrators to conceal their actions or to prejudice the rights of interested heirs.
As we have above pointed out, the record in this case does not evidence the slightest disposition on the part of the Ad-ministratrix to deprive the heirs of any rights, and, on the contrary, it is well established that the heirs were cognizant of the proceedings that were being taken and the purpose thereof.
Considerations of questions of nullity have been before our court in almost innumerable instances. We think there is no necessity for detailed discussion with respect to the claims of nullity asserted by plaintiffs. The substance of all the specifications advanced have been disposed by our courts contrary to the contentions asserted by appellants. We refer to only a few of the many appropriate cases in addition to the ones cited above; Succession of Todd (1st Cir., 1928), 11 La.App. 32, 120 So. 804; Thibodaux v. Barrow, 129 La. 395, 56 So. 339; Granger v. Hebert, 121 La. 1045, 46 So. 1012; Webb v. Keller, 39 La.Ann. 55, 1 So. 423; Carter v. McManus, 15 La.Ann. 676, and Louaillier v. Castille, 14 La.Ann. 777.
Examination of the authorities cited by counsel for plaintiffs fails to disclose any support for the contention that any of the asserted grounds of attack constitute absolute nullities.
We are convinced that the district judge was correct in sustaining the plea of prescription under Article 3543 of the LSA-Civil Code. It follows that there is no necessity for consideration of the other pleas and exceptions presented by defendants.
For the reasons assigned, the judgment appealed from is affirmed at appellants’ cost