BOLIN, Judge.
Plaintiffs, thirty-eight direct descendants of Sallie Evans, sued the administrator of her estate, the attorney for the administrator, and a co-purchaser of the succession property, contending the entire succession proceedings and the judicial sale thereunder were null. Finding the action one asking that a judgment be declared null for fraud and ill practices, the trial court sustained defendants’ plea of prescription of one year and dismissed plaintiffs’ suit. We reverse and remand for further proceedings.
The issue is which prescriptive period governs this lawsuit, i. e., the one year period applicable to suits in tort or for nullity of judgments; or the two year period granted to set aside judicial sales?
More than thirty years after Sallie Evans died intestate, her succession was opened and her only living child was named administrator. Attorneys were appointed to represent absent and unknown heirs. The administrator petitioned the court for permission to sell the only asset of the succession, approximately 68 acres of land, alleging *864 this was necessary to pay the expenses of administration. Pursuant to court order of January 30, 1975, the land was sold by the sheriff on March 12,1975. The attorney for the administrator and another attorney were co-purchasers at the judicial sale and, along with the administrator, were named defendants in the present lawsuit filed on November 29, 1976.
Plaintiffs alleged numerous irregularities in the succession proceedings and sale, including the following: no notice of the succession proceedings was given to plaintiffs; the administrator was illiterate; the affidavit of death and heirship contained unspecified material errors; there was no necessity for the sale of succession property; plaintiffs never received funds from the sale; the attorney for the administrator retained the most valuable portion of the property.
Defendants excepted that the suit, based on alleged delictual acts occurring more than one year prior to its filing, was prescribed under Louisiana Civil Code Article 3536.[1] The trial court agreed plaintiffs’ claim came too late, but based its decision on a finding that the action was one to annul a judgment [court order of January 30, 1975] for fraud and ill practices, which likewise prescribed in one year under Louisiana Code of Civil Procedure Article 2004.[2]
Since it is not the principal thrust of plaintiffs’ suit to have a judgment of the trial court declared null, we conclude the Code of Civil Procedure provisions governing nullity of judgments do not apply to this lawsuit.
Plaintiffs’ allegations constitute an assertion of failure to observe certain formalities in a succession proceeding culminating in a judicial sale. Therefore, we hold the applicable prescriptive period is provided by Louisiana Civil Code Art. 3543[3] which governs actions to set aside judicial sales for informalities of legal procedure. Sun Oil Company v. Roger, 239 La. 379, 118 So.2d 446 (1960); Caldwell v. Hay, 170 So.2d 194 (La.App. 2d Cir., 1964).
Under La.C.C. Art. 3543 plaintiffs have at least two years from the time of the public sale to bring suit to set it aside. Since plaintiffs filed this action approximately twenty months after the sheriff’s sale, the suit was timely.
The judgment of the trial court sustaining the plea of prescription and dismissing plaintiffs’ suit is reversed and the case is remanded for further proceedings consistent with law and the views expressed herein; assessment of costs is to await the termination of the cause.

. Art. 3536. The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.
4! % !{« Sj< * iji

. Art. 2004.
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

. Art. 3543. All informalities of legal procedure connected with or growing out of any sale at public auction or at private sale of real or personal property made by any sheriff of the Parishes of this State, licensed auctioneer, or other persons authorized by an order of the courts of this State, to sell at public auction or at private sale, shall be prescribed against by those claiming under such sale after the lapse of two years from the time of making said sale, except where minors or interdicted persons were owners or part owners at the time of making it, and in the event of such ownership or part ownership by said minors or interdicted persons, the prescription thereon shall accrue after five years from the date of public adjudication or private sale thereof.