BEER, Judge.
In March, 1978, an uncontested judgment of divorce was granted in favor of appellant, Rosadell Tucker, and against appellee, Winston Tucker, by the 29th Judicial District Court for the Parish of St. Charles. The judgment was silent as to custody of their children.
From the time the parties originally separated up to the present, their four children have resided with their father, Winston Tucker, in the Parish of Orleans and have had little contact with their mother.
In May, 1978, Mrs. Tucker, who resides in St. Charles Parish, filed a rule in the 29th Judicial District Court for visitation privileges. Mr. Tucker, at the time unrepresented by counsel, journeyed to St. Charles Parish to oppose the rule. After hearing, visitation conditions were imposed by the district court. When, thereafter, Mrs. Tucker sought to exercise those conditions, the children refused to accompany her. Thus, in July, 1978, she filed a rule for contempt and a rule to clarify the earlier judgment of visitation in the 29th Judicial District Court. Mr. Tucker, by then represented, filed oppositions and, also a rule for child support and certain injunctive relief.
In February, 1979, a hearing of all issues took place, at which time the district court, on its own motion, dismissed all proceedings, having concluded that it was without jurisdiction. Mrs. Tucker appeals, contending, inter alia, that there may, originally, have been a question of venue with respect to the visitation proceedings but that issue was waived by Mr. Tucker’s personal appearance in the proceeding on its merits.
Since jurisdiction is the legal power and authority of the court to hear and determine an action and to grant parties relief to which they may be entitled, it cannot be waived, but LSA-C.C.P. art. 44 provides that a party may waive his objection to improper venue if he fails to plead the declinatory exception timely as provided in LSA-C.C.P. art. 928.
The record confirms that Mr. Tucker appeared and answered the original rule, filed no declinatory exception and, thus, apparently, waived any objection to improper venue. The issue is narrowed to a consideration of this case in light of the fact that venue in certain actions can not be waived.
In Perez v. Perez, 359 So.2d 1136 (La.App. 4th Cir. 1978), we observed:
“There is no specific provision in the Code of Civil Procedure governing venue in custody actions. Such an action incidental to an action for separation or divorce is generally brought in the parish of proper venue for the principal action. However, when the initial fixing of custody occurs after divorce, the venue of the action to obtain custody is determined by reference to the law governing tutorship proceedings, since custody of the minor is one of the elements of tutorship. CCP Art. 4261. Venue in tutorship proceedings lies in the parish where the minor resides. CCP Art. 4031.”
On the basis of this, appellee analogizes visitation to custody and thus contends that these proceedings were properly dismissed in the 29th Judicial District Court and must be reinstituted in Orleans Parish, where the children reside with their father.
However, the issue here is visitation, not tutorship, and we are hesitant to impose the “jurisdictional venue” requirements of a tutorship.proceeding when jurisdiction for visitation proceedings is obtained over the person of the custodial parent by that individual’s general appearance. While venue in Orleans Parish may be proper, it is not mandatory and was waived by failing to timely file a declinatory exception. Furthermore, after waiver of an objection to venue, the court is without the power to dismiss the action for that reason. *500 Ponthieux v. Lindsay, 216 So.2d 407 (La.App.3rd Cir. 1968), aff’d 254 La. 647, 226 So.2d 482 (1968).
Thus, the claims for child support and other related matters are, also, properly brought in St. Charles Parish. Smith v. Baton Rouge Bank & Trust Company, 286 So.2d 394 (La.App. 4th Cir. 1973), held that:
“Where venue is proper as to one claim, the disposition of which will necessarily affect a related second claim as to which venue might otherwise be improper, the court has the authority to decide both claims in the interest of efficient judicial administration, and therefore should overrule an exception to the venue.”
The district court erred in dismissing this case on its own motion. That judgment is reversed, and the matter remanded for further proceedings consistent with this opinion. Each party is to bear its own costs of this appeal.

REVERSED AND REMANDED.