425 So.2d 719 (1983)
Freddie WILLIAMS
v.
Cornelius BERNARD, Sr., Cornelius Bernard, Jr. and Allstate Insurance Company.
No. 82-C-1531.
Supreme Court of Louisiana.
January 10, 1983.
Rehearing Denied February 11, 1983.
*720 E. Kelleher Simon, Murphy & Simon, Covington, for applicant.
Darleen M. Jacobs, New Orleans, for respondents.
DENNIS, Justice.
The question presented is whether the court of appeal, 413 So.2d 198, and the trial court misused their discretion by refusing defendant Allstate Insurance Company a new trial for the purpose of proving its policy limits. Allstate contends that it failed to introduce evidence of its policy limits because of its trial attorney's impression that the limits had been stipulated or because of his excusable neglect, and consequently the jury rendered a verdict in favor of the plaintiff for $8,000, $3,000 in excess of its policy limits. We affirm. The evidence fully supports the findings by the previous courts that there was no stipulation as to policy limits and that defendant's failure to introduce evidence of its policy limits at trial resulted from its attorney's deliberate choice and not from his inadvertence or excusable neglect. Under these circumstances, the previous courts did not misuse their discretion in refusing to grant a new trial.
During the trial of this suit by an injured motorist against his uninsured motorist insurer, the parties stipulated that Allstate Insurance Company had issued uninsured motorist coverage to the plaintiff which was in effect at the time of the accident.[1] Although Allstate's attorney said he had *721 the policy with him, he did not introduce it or any other evidence of policy limits at trial.[2] The parties did not stipulate to any exclusions or limitations to Allstate's coverage.[3]
Defendant Allstate contends that it was prevented by law from introducing evidence of its policy limits during the jury trial. We are aware of no law which prevents an insurer which has been sued on its policy from introducing evidence of its policy limits, particularly after evidence or a stipulation of its coverage is introduced at trial. Since Allstate, the party which demanded the jury trial, did not specify particular issues to be tried by jury, it was considered to have demanded trial by jury of all issues so triable, including whether and to what extent its coverage was limited.[4] La.C.C.P. art. 1734. The cases relied upon by Allstate for the proposition it urges are inapposite. They hold only that a plaintiff may introduce evidence of the defendant's liability insurance policy and its limits when the defendant raises his inability to pay as a defense or in mitigation. Suhor v. Gusse, 388 So.2d 755 (La.1980); Guy v. Tonglet, 379 So.2d 744 (La.1980).
Allstate contends that its trial attorney failed to introduce evidence or policy limits because of inadvertence or excusable neglect. The trial judge specifically found to the contrary that "it was not an inexcusable error or neglect, but a definite trial tactic by Allstate not to introduce the policy." The record fully supports the trial judge's finding. Allstate's attorney had the policy in his possession at trial yet chose not to introduce it. During his colloquy with plaintiff's attorney in which they stipulated the coverage, Allstate's attorney informed the court he had the policy with him, but did not offer it or request a stipulation as to policy limits. When the plaintiff's counsel in her closing argument asked the jury to return a verdict in an amount which defendant now contends exceeded its policy limits, Allstate's attorney did not object, seek to introduce evidence of policy limits or present argument as to coverage restriction. Although Allstate now contends that its trial attorney intended for the judge to decide the issue of coverage limitation separately, there is no warrant in the record for finding that he so intended. Indeed, since Allstate's general demand for a jury trial precluded the judge from deciding any of the issues, there is no basis in law for such an expectation either.
Under these circumstances, the trial and appeals courts did not misuse their discretion by failing to grant a new trial. This is not a case in which justice was thwarted by the excusable neglect or inadvertence of trial counsel by his failure to introduce a crucial item of evidence. Allstate's trial attorney deliberately chose to withhold evidence of the policy limits as a trial tactic to avoid the possibility that the jury's determination of liability or quantum would be influenced by its knowledge of the amount of coverage. Whether a new trial should be granted in such situations requires the trial judge to weigh a variety of considerations for which a clear cut rule of law cannot easily be formulated. Against the opportunity to correct a probable $3000 error in the amount of the judgment must be weighed the great inconvenience and delay of a new trial to a plaintiff who deserves a substantial majority of his jury verdict, the undeserved relief of a litigant from a risk it knowingly assumed, and the encouragement of similar trial tactics by other litigants that will tend to proliferate *722 new trials in jury cases. It is a situation in which an appellate court ought not substitute its judgment unless the trial judge's decision is unmistakably erroneous. On the basis of the record in the present case, the trial judge's decision appears to have been correct.
The judgment of the court of appeal is affirmed.
AFFIRMED.
MARCUS and LEMMON, JJ., dissent.
NOTES
[1] Q: Ms. Jacobs: (Plaintiff's Attorney)

At the time of the accident did you have in effect and were you paying on a policy of uninsured motorist coverage with the Allstate Insurance Company?
A: Mr. Williams: (Plaintiff) Right.
Q: Ms. Jacobs:
And would you please tell the jury the number of that policy?
The Court:
I don't think that's necessary.
Ms. Jacobs:
Okay. The policy has not been stipulated. The policy has not been stipulated to, your Honor.
Mr. Burvant: (Insurer's Attorney)
Nobody has requested it. I have the policy here. We stipulated coverage.
Ms. Jacobs:
But it's not yet stipulated coverage.
The Court:
Well, I thought I saw an admission of coverage. Just one second. Let's check and see.
Ms. Jacobs:
Judge, if counsel is willing to stipulate there was a policy of uninsured motorist coverage in effect with Allstate Insurance Company, that ends it as far as I am concerned. I don't have to go into ...
The Court:
Do you wish to do that, Mr. Burvant?
Mr. Burvant:
Yes your honor, sure.
The Court:
The Court accepts the stipulation that Allstate did have in full force and does admit in its answer that it has a policy of insurance covering [sic] Mr. Williams for uninsured motorist at the time of the accident."
[2] Id. The trial judge, in explaining his reasons for denying Allstate's motion for new trial observed that its attorney failed to introduce the policy despite numerous opportunities to do so.
[3] Defendant Allstate argues that the stipulation as to coverage referred to in footnote 1, supra, included a stipulation as to the policy itself. However, by its clear terms, the stipulation encompassed only the single issue of coverage.
[4] The parties did not stipulate that the jury trial shall be as to certain issues only, and the existence and amount of policy limits are issues which are triable by a jury. La.C.C.P. arts. 1733, 1735. Moreover, Allstate did not attempt to introduce evidence of the policy limit for separate consideration by the judge or request his separate adjudication of the issue.