BYRNES, Judge.
This is an appeal arising out of a lawsuit in which four injured guest passengers sued the driver and his insurer for damages resulting from a one car collision on a Florida highway. After a jury trial, a verdict was returned in favor of the plaintiffs-appellants in the amount of $6,500.00 plus expert’s fees. The amount awarded each appellant is as follows. Gwendolyn Galvan, daughter of the defendant-driver, received three thousand five hundred dollars ($3,500.00). Dorothy Galvan, defendant’s wife, received one thousand five hundred dollars ($1,500.00). Donna Galvan Wiebelt, another daughter of the defendant received five hundred dollars ($500.00) for her injuries. Her husband Mark received one thousand dollars ($1,000.00) for his injuries. These verdicts were made the judgment of the court. Plaintiffs-appellants filed this appeal urging two specifications of error.
The first error urged by the appellant is that the trial court acted erroneously when it prohibited the disclosure to the jury of the liability limits of the tortfeasor’s insurance policy. The central thrust of appellant’s argument is that the limitation of liability contained in a policy of insurance is an issue of fact which a jury may consider as it would consider any other issue properly before it and that restrictions of this disclosure was therefore erroneous. Appellant argues that policy limits are indicative of a defendant’s ability to pay and are a proper fact to place before the jury. In support of this contention appellant cites the case of Williams v. Bernard, 425 So.2d 719 (La.1983). Appellant maintains that when the ability to pay is reflected in the limits of liability of an insurance policy, the attention if the jury may be directed to these limits. While we have no quarrel with appellant’s reliance on Williams we feel that case is factually distinguishable from the case at bar.
In the instant case, as in Williams, the parties did not specifically stipulate to a jury trial only as to certain issues. This can be seen in paragraph fifteen of the appel-lee’s answer which states “Defendant desires and accordingly requests trial by jury.” However, unlike Williams, the policy in this case was before the jury. In Williams, neither the policy itself or the policy limits were placed before the jury. There was only a stipulation as to coverage. In this case the policy was before the jury and could speak for itself. The trial judge in camera stated that:
“It is the order of this court that P-1 has been entered into evidence and the jury will be permitted to take P-1 with them to the jury room for examination, reading and observation, to use for whatever purposes they want to use it. It is further ordered of this court that neither lawyer will argue policy limits to the jury, none whatsoever. The cases say that we must disclose the policy limits, the very first and second item on the policy, on the very first page indicates clearly that there is $300,000.00 for each coverage and $1,000.00 (sic) for each person. That is the limit.. .. ” [Emphasis ours]
This court has reviewed the policy in the record and we note that on the first page of the policy under coverage AA, the bodily injury liability coverage, the amount reads $100,000.00 each person and $300,000.00 *577 each occurrence. The policy is clear on its’ face. Appellant argues that since the policy had limits of $100,000.00 limit policy and the jury only gave $6,500.00 in damages they could not have understood the coverages of the policy. Given the fact that the policy was taken into the jury room, we feel this argument is without merit. The policy limits were before the jury in the form of the policy. We therefore conclude that the trial judge did not commit error by refusing to allow the appellant to flaunt this rather large insurance coverage.
The second specification of error urged by the appellant is that the trial judge abused his ‘much discretion’ in allowing the verdict of the jury to become the judgment of the court because the judgment is excessively low. We will address this argument as to each individual appellant.
Turning first to Gwendolyn Galvan we note that she sustained a fracture of the C6-C7 vertebra with muscle spasms and sprain. She was placed in traction in a Florida hospital for six days. She was then placed in a “Philadelphia” type brace, which immobilized her from early July to September 28, 1977. She was then placed in a soft collar until January 25, 1978. She was seen again on March 22, 1978. Her doctor testified that here was a good chance she would continue to have intermittent aching and spasms for three to five years and possibly indefinitely. At trial Ms. Galvan testified that her neck still gave her pain. Due to the length of time she spent in the hospital, coupled with the months she spent in the brace, we feel the $3,500.00 judgment granted by the lower court is below the realm of discretion. In our opinion an award of $12,000.00, while perhaps not enough to compensate plaintiff for the pain she has and will endure from this injury, will bring her recovery within the lower limit of reasonableness mandated by the Supreme Court in Reck v. Stevens, 378 So.2d 498 (La.1979).
Dorothy Galvan, the wife of the defendant, fractured her left fibia and also sustained a chip fracture to her knee. She was hospitalized six days in Florida and wore a full leg cast for six weeks. She used crutches until September 26, 1977, after which she used a cane and started physical therapy. The doctors diagnosed swelling and crondromalocia which she still experienced at the time of the trial. The doctors further stated that her knee would hurt intermittently for the rest of her life. She is precluded from kneeling for long periods of time and also from engaging in strenuous physical activities. In light of the medical history presented we conclude that the award of $1,500 was granted by the jury is below the realm of reasonableness. Accordingly we increase this award to $3,500.00.
The third plaintiff, Mark Wiebelt, sustained a compression fracture of the first lumbar vertebra. He was awarded $1,000.00. He wore a lumbar brace until August 2, 1977, approximately 4 weeks after the accident. He was pronounced 80% healed as of August 17, and his doctor at that time ordered him to cut back a bit on his activities since his injury was a “vulnerable one”. Because the injury presented the danger of future vertebral collapse the doctor advised Wiebelt to visit him twice a year and to avoid heavy lifting. Testimony indicated that at the time of the trial Wie-belt had trouble lifting reams of paper weighing forty (40) pound which had affected his productivity as a printer. In light of the record, the award of one thousand dollars ($1,000.00) is inadequate. Accordingly we increase that award to two thousand five hundred dollars ($2,500.00).
The fourth plaintiff, Donna Wiebelt, received an acute thoracic lumbosacral strain. She was seen by the doctor three times in 1977 and was told to take heat treatment and therapy. The doctor prescribed salicylates to relieve pain. There is no evidence of permanent disability arising from this injury and in light of the record and the testimony an increase in the $500.00 award of the lower court is not merited.
In conclusion, we find that the trial judge did not commit error by refusing to allow *578 the appellant to specifically direct the attention of the jury to the policy limits. Further we increase the award of appellant Gwendolyn Galvan from $3,500.00 to $12,-000.00, that of Mrs. Dorothy Galvan from $1,500.00 to $3,500.00 and that of Mark Wie-belt from $1,000.00 to $2,500.00. The remaining damage award and expert’s fees assessed by the trial court are to remain the same. The judgment appealed from is therefore amended in part and affirmed.
Cost of this appeal are to be divided equally among the parties.
AMENDED IN PART AND AFFIRMED.