WARD, Judge.
The primary question presented by this appeal is whether the Trial Judge erred in admitting an insurance policy into evidence some nine months after the trial and judgment which held the insurer liable for an amount in excess of its policy limits. We hold that it was error and reverse the ruling.
After a seven-day trial in October 1984, Andrew Payton recovered a personal injury judgment against Wendell A. Colar, New 77 Club, Inc., and Insurors Indemnity and Insurance Company in solido for $711,-000.00, plus interest from judicial demand and costs. During the trial, Insurors Indemnity had attempted to introduce into evidence its premises liability policy which has applicable limits of $300,000.00, but the Trial Judge sustained objections to the policy’s authenticity and coverage. For reasons not made clear to us, Insurors Indemnity failed to produce an acceptable copy of the policy during trial and it was not placed in evidence. After the judgment, Insurors Indemnity moved for a new trial and/or judgment notwithstanding the verdict and/or remittitur, all on the grounds that the amount of the judgment exceeded the limits of its policy. The motions were denied. Insurors Indemnity did not appeal the judgment in favor of Payton or the denial of its post-trial motions. For several months after trial, however, Insurors Indemnity persistently sought to introduce the policy into evidence while resisting Pay-ton’s efforts to execute on the full amount of judgment. Finally, by a judgment dated August 6, 1985, Insurors Indemnity was permitted to file its policy into the trial record as a defendants’ exhibit.
Payton now appeals that judgment. He contends that the Trial Judge erred in placing the policy in the record because evidence may not be admitted after judgment when there has been no proffer and no appeal. We agree.
We reject the argument of Insurors Indemnity that the policy was properly admitted based upon an allegation that the Trial Judge held the evidence open for admission of the policy after trial. We cannot accept this allegation because the record on appeal contains no transcript of the trial proceedings relative to the attempted introduction of the policy and apparently there exists no record of the post-trial hearing at which the policy was admitted into evidence.
Counsel for the insuror had ample time prior to and during trial to procure admissible evidence of the policy limits. When the policy he presented at trial was not admitted, he could have proffered it. Furthermore, when judgment was rendered holding the insuror solidarily liable for an amount in excess of its policy limits, the insuror could have appealed. Hence, this is not a case of excusable neglect or mere inadvertance, deserving of relief on appeal. See Williams v. Bernard, 425 So.2d 719 (La.1988).
From the record of post-trial proceedings it appears that the ruling admitting the policy was nothing more than the Trial Judge’s succumbing to months of persis-tant pleading by the insuror. This view is reinforced by the fact that when, after introduction of its policy, Insurors Indemnity moved to amend the original judgment *1273 to reflect the policy limits, the Trial Judge denied the motion.
In accord with our reversal of the judgment which erroneously admitted the insurance policy into evidence, we hold that Insurers Indemnity is liable in solido with the other defendants to Andrew Payton for the full amount of the judgment, $711,000.00, plus interest from judicial demand and costs. All pending motions or other proceedings to enjoin or stay execution of the judgment are hereby dismissed.
Payton’s counsel also requests sanctions, attorney fees and costs for the “continued bad faith and frivolous delays” of Insurers Indemnity. We reject this request because the acts of the Trial Court encouraged and gave authority to the insurer’s tactics. Hence, we will not penalize Insurers Indemnity although its actions may have been in bad faith. All costs of appeal, however, are to be paid by Insurers Indemnity.
REVERSED.