634 So.2d 1297 (1994)
Jacqueline Dore LEYVA, Plaintiff-Appellant,
v.
IBERIA GENERAL HOSPITAL, et al., Defendants-Appellants.
No. 93-768.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
Writ Granted May 13, 1994.
Leslie A. Cordell, for Jacqueline Dore Leyva.
*1298 Randall Louis Champagne, for Iberia General Hosp. and Medical Center.
Marc W. Judice, for J.B. Pecot, M.D. Indiv. et al.
Janet Leslie MacDonell, for Dr. Emil Laga.
Daniel L. Regard, for Dr. G.D. Sagrera.
Before DOUCET, YELVERTON and SAUNDERS, JJ.
DOUCET, Judge.
This is an appeal from a jury verdict dismissing plaintiff's malpractice claim and from the trial judge's denial of the plaintiff's motion for judgment notwithstanding the verdict (JNOV).
The plaintiff, Jacqueline Dore Leyva, is a deaf-mute. Additionally, retinosa pigmentosa is causing her eyesight to deteriorate. Because of these conditions, she decided to undergo sterilization after the birth of her second child.
On Sunday, February 23, 1986, Ms. Leyva gave birth to a normal, healthy child at Iberia General Hospital (Hospital) in New Iberia, Louisiana. Immediately after delivery, Dr. G.D. Sagrera, Ms. Leyva's family doctor, performed a bilateral tubal ligation to effect sterilization of Ms. Leyva. As a part of the procedure, Dr. Sagrera removed a segment of each fallopian tube. The segments were labelled as they were placed in containers. The containers were transferred by the circulating nurse to a counter designated for pathology collection. On Monday, February 24, 1986, the tissue samples were transferred to the Pathology Department for analysis. Dr. Emil Laga examined the specimens. In his report, he stated that he could not identify as fallopian tube the segment designated "left fallopian tube." He indicated that he found only fibroconnective and vascular tissue. Dr. Laga informed his supervisor, Dr. J.B. Pecot, of the results of his examination of the specimens. Dr. Pecot also examined the specimens and found no fallopian tube in the left side specimen.
Because of problems communicating with Ms. Leyva, Dr. Sagrera informed Ms. Leyva's mother, Nellian Dore, of the pathology department's examination of the specimens and of the possibility that the left tube was not ligated. It was Dr. Sagrera's testimony that he discussed several alternatives with Ms. Dore, including 1) doing nothing since he was certain that the left tube had been ligated; 2) a second procedure to check whether the left tube had been ligated and, if not, to do so; and 3) a hysterosalpingogram to determine whether the tubes were open. Ms. Dore testified that Dr. Sagrera told her the left tube was not tied and that they would have to go back in and tie it. This is what she told her daughter.
As a result, on April 4, 1986, a laparotomy was performed. Dr. Sagrera testified that he examined both fallopian tubes and found that both were properly ligated.
Ms. Leyva later underwent an appendectomy, and later still underwent surgery to have a cyst removed from an ovary.
She has not become pregnant. She testified that she has separated from her husband and is no longer worried about pregnancy.
Ms. Leyva made a medical malpractice claim to recover damages arising from the procedures. The claim was first submitted to a medical review board which found all the defendants to be free of negligence.
Prior to trial, the plaintiff settled with the Hospital. A trial by jury was held on July 29, 30 and August 1, 1991. After the close of plaintiff's case, on motion of Drs. Pecot and Laga, the trial court granted a directed verdict dismissing the claims against them. The jury rendered a verdict finding that Dr. Sagrera was not negligent. The plaintiff filed a motion for JNOV and, alternatively, for new trial. The trial court denied these motions. The plaintiff appeals.

EXCLUSION OF EXPERT TESTIMONY
The plaintiff contends that the trial court improperly excluded the testimony of Dr. Jack Pruett based on the locality rule.
Dr. Pruett is a specialist in obstetrics and gynecology. He practices at Lake Jackson, Texas. La.R.S. 9:2794(A)(1) provides:
A. In a malpractice action based on the negligence of a physician licensed under *1299 R.S. 37:1261 et seq., a dentist licensed under R.S. 37:751 et seq., or a chiropractic physician licensed under R.S. 37:2801 et seq., the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, or chiropractic physicians within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
Plaintiffs argue that since Dr. Sagrera was performing a procedure falling within a particular medical specialty, gynecology, he should be held to that standard of care rather than that of a general practitioner.
Specialists are required to exercise the degree of care and possess the degree of knowledge or skill ordinarily exercised and possessed by physicians within their medical specialty. Steinbach v. Barfield, 428 So.2d 915 (La.App. 1st Cir.1983), writ denied, 435 So.2d 431 (La.1983).
Felice v. Valleylab, Inc., 520 So.2d 920, 928 (La.App. 3 Cir.1987), writ denied, 522 So.2d 562, 563 (La.1988).
Where a doctor limits his practice to a specialized field, and holds himself out as so limiting his practice, he is held to the standard of a specialist and is not entitled to application of the locality rule. Felice v. Valleylab, Inc., supra; Iseah v. E.A. Conway Memorial Hosp., 591 So.2d 767 (La.App. 2d Cir.1991), writ denied, 595 So.2d 657 (La. 1992).
In this case, however, there was no showing that Dr. Sagrera limited his practice to a particular specialty or held himself out as being so limited. Further, the testimony indicates that tubal ligations are a basic surgical technique routinely taught to all medical students before the specialization process has begun. Accordingly, Dr. Sagrera may not be held to the standard of a specialist.
Alternatively, the plaintiff argues that the trial court erred in excluding Dr. Pruett's testimony. Plaintiff argues that while La. R.S. 9:2794(A)(1) requires that the plaintiff prove the standard of care exercised by physicians licensed to practice in the State of Louisiana and actively practicing in a similar community or locale, it does not require that expert testimony on this point be provided by one licensed to practice in the State or practicing in a similar community or locale. This is true. However, the expert must satisfy the court that he is qualified to give testimony regarding the applicable standard of care. Piazza v. Behrman Chiropractic Clinic, Inc., 601 So.2d 1378 (La.1992).
While Dr. Pruett spent his first two years of medical training at LSU Medical School in New Orleans, he has had no further contact with Louisiana. He practices exclusively in Lake Jackson, Texas. There was no evidence that this is a community similar to New Iberia or that Dr. Pruett is aware of the standard of care in such communities. Given the paucity of his qualifications to testify as to the standard of care applicable to Dr. Sagrera, we cannot say that the trial judge erred in excluding his testimony.

DENIAL OF CONTINUANCE
Plaintiffs argue that the trial court erred in quashing the deposition of Dr. Bahjat Rahman and/or in refusing to grant a continuance in order to allow the deposition to be taken.
Plaintiff's argument on this issue makes reference to matters not of record. The record contains no reference, other than those made in argument by plaintiff's counsel, *1300 to the proposed deposition of Dr. Rahman, a subpoena in connection therewith, or the quashing of that subpoena.
Even assuming that such a subpoena existed, a trial court has broad discretion to limit discovery, including the discretion to deny it. Laburre v. East Jefferson General Hospital, 555 So.2d 1381 (La.1990).
La.C.C.P. art. 1602 provides the mandatory grounds for a continuance:
A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.
We cannot conclude from the record before us that one of these grounds existed. Accordingly, the decision to grant or deny a continuance rested in the sound discretion of the trial court. We cannot say from the record before us that the court abused its discretion in quashing the subpoena or in refusing to grant a continuance.

LIABILITY
Plaintiff further contends that it was error to find Dr. Sagrera free from negligence. Under La.R.S. 9:2794(A)(1), the plaintiff has the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, or chiropractic physicians within the involved medical specialty.
However, plaintiff argues that the doctrine of res ipsa loquitur should apply to impute negligence to Dr. Sagrera. We cannot say that it was error to find Dr. Sagrera free from negligence whether under res ipsa loquitur or La.R.S. 9:2794(A)(1).
The Supreme Court in Cangelosi v. Our Lady of the Lake Medical Center, 564 So.2d 654, 667 n. 11 (La.1989), explained the plaintiff's burden under the doctrine of res ipsa loquitur as follows:
The doctrine of res ipsa loquitur applies in medical malpractice actions under the same conditions as in other negligence actions, with the same elements needed to establish the foundation facts for invoking the doctrine. J. Lee & B. Lindahl, supra, § 2564 n. 4. In medical malpractice actions based on res ipsa loquitur the plaintiff generally must use expert testimony to establish that the plaintiff's injury is a type which ordinarily would not occur in the absence of negligence. Lay jurors with common knowledge and ordinary experience cannot be expected to infer from the circumstances surrounding an injury incurred during medical procedures whether the health care provider failed to use reasonable care and whether this failure was a cause of the injury. Expert evidence may also be used by the defendant to show that he did use reasonable care and that the accident could have happened in spite of the use of reasonable care. S. Speiser, supra, § 2:8.
In this case, the plaintiff failed to present any evidence, expert or otherwise, to indicate that the plaintiff's injury is the type which would not occur in the absence of negligence. Nor was it established that he breached the applicable standard of care. It was not even established that the sterilization procedure failed.[1] Further, Dr. Sagrera introduced expert testimony that his actions did not breach the standard of care. As a result, the record supports a finding that the plaintiff failed to carry her burden of proof. Accordingly, the jury did not err in finding Dr. Sagrera to be free from negligence.
*1301 Further, as this court stated in Tabarelli v. Allstate Ins. Co., 598 So.2d 683, 684 (La.App. 3 Cir.), writ denied, 605 So.2d 1091 (La.1992):
Basically, a JNOV can be granted by a trial court only when a jury's verdict is one which reasonable men could not have rendered. (citation omitted)
As a result, the trial court did not err in denying the motion for JNOV and/or new trial.

JURY INSTRUCTION
Plaintiff next complains of the trial judge's failure to give her proposed jury charge on res ipsa loquitur. Plaintiff argues that the court gave instructions that were "inadequate, too lengthy and too confusing."
Adequate jury instructions are those which fairly and reasonably point up the issues and which provide correct principles of law for the jury to apply to those issues. The adequacy of jury instructions must be determined in light of the jury instructions as a whole. Evangeline Farmers Cooperative v. Fontenot, 565 So.2d 1040 (La.App. 3d Cir.1990); Kaplan v. Missouri-Pacific Railroad Co., 409 So.2d 298 (La.App. 3d Cir.1981). The trial judge is under no obligation to give any specific jury instructions that may be submitted by either party; he must, however, correctly charge the jury. Oatis v. Catalytic, Inc., 433 So.2d 328 (La.App. 3d Cir.), writ denied, 441 So.2d 210, 215 (La.1983). An appellate court must exercise great restraint before overturning a jury verdict on the suggestion that the instructions were so erroneous as to be prejudicial, Cuccia v. Cabrejo, 429 So.2d 232 (La.App. 5th Cir.), writ denied, 434 So.2d 1097 (La.1983).
Calhoun v. Federated Rural Electric Ins., 571 So.2d 672, 678 (La.App. 3 Cir.1990), writ denied, 577 So.2d 14 (La.1991).
Having reviewed both the requested charge and that given by the trial judge, we cannot say that the charge given was incorrect or inadequate.

IMPROPER CLOSING ARGUMENT
Finally, the plaintiff argues that she was prejudiced by improper closing argument made by the defendant. The closing arguments have not been transcribed.
Under La.C.C.P. arts. 2128 and 2129, the appellant had the duty to designate the record on appeal. Eagle v. Eagle, 477 So.2d 1293 (La.App. 3d Cir.1985). When there are factual issues involved and the record contains neither a transcript of testimony nor a narrative of facts, there is nothing for appellate review.
Preuett v. Preuett, 517 So.2d 848 (La.App. 3 Cir.1987).
Accordingly, we will not consider this issue.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the plaintiff.
AFFIRMED.
SAUNDERS, J., dissents for reasons assigned.
SAUNDERS, Judge, dissenting.
I respectfully dissent. The trial court erred in excluding Dr. Pruett's testimony. McLean v. Hunter, 495 So.2d 1298 (La.1986); Green v. Dupre, 520 So.2d 761 (La.App. 3d Cir.1987), writ denied, 522 So.2d 568 (La. 1988).
In McLean, we are told that a periodontist is no less a dentist because he engages in a specialty practice, rather than a general dentistry practice, and that when a physician is tendered as an expert witness "it is immaterial whether he is a general practitioner or a specialist providing he has knowledge of the standard of care in any given field...." McClean, supra, 495 So.2d at 1303.
NOTES
[1] If the original procedure was successful, as was stated by Dr. Sagrera and the scrub nurse, then it was not the actions of Dr. Sagrera which gave rise to the need for further procedures. Without a causal link there can be no liability.