bDALEY, Judge.
Plaintiff-appellants, William T. Dixon and Sharon Dixon Noell, appeal the grant of defendants’ Exception of Prescription. Defendants are Lawrence Hargrove, the appellants’ mother’s surviving spouse, Mr. and Mrs. Cyril Mayeaux, purchasers of the community home of Hargrove and plaintiffs’ mother, and Country Wide Home Loans, Inc., the holder of the Mayeauxs’ mortgage on the property. We reverse the grant of prescription insofar as it pertains to Lawrence Hargrove, and affirm insofar as it pertains to the Mayeauxs, and remand.
Plaintiffs filed suit against defendants to annul the “sale” of their mother’s undivided one-half interest in the Hargroves’ community home to defendant Hargrove.[1] Hargrove is the surviving spouse of plaintiffs’ mother, Dorothy Pierce Hargrove, administrator of her estate, and co-owner as well as usufruc-tuary of the community home located at 4916 Glendale Avenue in Metairie, Louisiana. Plaintiffs pare decedent’s children from a first marriage. Mrs. Hargrove died intestate on September 18,1980. By operation of law, the appellants inherited their mother’s undivided one-half interest in the community home.
Mrs. Hargrove’s succession was opened in October of 1980. Nothing was done in this succession for approximately eleven years. In brief[2], appellants state that on November 12, 1991, Hargrove filed a Petition for Purchase or Exchange of Succession Property, seeking to be awarded full ownership of the community home. Appellants do not include this petition in the designated record; therefore, we are unable to see the facts Mr. Hargrove alleged in support of his position.[3] On January 6,1992, the court rendered judgment in favor of Hargrove, awarding him full title to Mrs. Hargrove’s undivided one-half interest in the home. In May of 1996, he sold the property to the Mayeauxs. On December 30, 1996, the Dixons filed their Petition to Annul Salé, Judgment and Mortgage, alleging, among other things, that the curator appointed to represent the Dixons did not exercise due diligence in locating the appellants, that Hargrove, as administrator of their niother’s succession arid usufructuary of the property, had a fiduciary duty to appellants, which he breached by ill practices and fraudulent conduct to deprive and dispossess plaintiffs as heirs of their mother’s estate. The plaintiffs alleged that the judgment of January 6, 1992, was not translative of title, and that the proper method of obtaining judgment against the plaintiffs as absentees was an in rem proceeding including seizure and sale of the property. The petition alleges that Hargrove knew the whereabouts of appellants or |5could have easily ascertained them, and that Hargrove could not obtain a personal judgment against an absentee through a curator ad hoc, that the judgment was illegal and suspect because Hargrove had not personally served plaintiffs, and that Hargrove had committed illegal and fraudulent acts and had deprived plaintiffs of their property. Plaintiffs allege that they did not learn of the January 6,1992 judgment, giving full ownership of the house to Hargrove until *218 around May of 1996, when the house was sold to Mr. and Mrs. Mayeaux.
The defendants filed Exceptions of Prescription to plaintiffs’ petition, pleading the applicability of LSA-R.S. 9:5632. On May 27, 1997, the trial court granted the Exceptions of Prescription without reasons. This appeal followed.

Analysis

In the prayer at the end of their petition, plaintiffs seek to annul three judgments rendered in their mother’s succession proceeding, for fraud and ill practices by Hargrove; the Judgment of November 15,1991, homolo-gating the first accounting; the Judgment of January 6, 1992, purporting to transfer decedent’s interest in the home to Hargrove; and the Judgment of March 9, 1992, the final accounting of the succession.
Although the designated record contains very few pleadings, we have surmised that the defendants’ Exceptions of Prescription were based upon LSA-R.S. 9:5632, which states:
§ 5632. Actions against succession representatives, tutors, and curators; defect in private sales or mortgages
A. When the legal procedure is defective or does not comply with the requisites of law in the alienation, encumbrance, or lease of movable or immovable property made by a legal representative of a succession, minor, or interdict, provided an order of court has been entered authorizing such | (¡alienation, encumbrance, or lease, any action shall be prescribed against by those claiming such defect or lack of compliance after the lapse of two years from the time of making such alienation, encumbrance, or lease.
B. This Section shall be applied both retrospectively and prospectively, however, any person whose rights would be adversely affected by this Section, shall have six months from July 10,1990 within which to assert the action described in Subsection A of this Section and if no such action is instituted within that time, such claim shall be forever barred.
This statute was enacted in 1990, and as yet has no jurisprudence interpreting it. We believe the trial court’s reliance on this statute was misplaced. LSA-R.S. 9:5632 does not address the use of fraud or ill practices in obtaining a judgment. This prescriptive article applies only when “the legal procedure is defective or does not comply with the requisites of law.” We find that this statute does not encompass allegations of fraudulent acts or ill practices used in obtaining a judgment. Moreover, two of the judgments plaintiffs seek to annul do not concern the sale or alienation of succession property (the Judgment of November 15, 1991, homol-ogating the first accounting, and the Judgment of March 9, 1992, the final accounting of the succession), so this statute would not apply to those judgments.
Plaintiffs allege that Hargrove committed fraud and used ill practices to secure these judgments in the succession proceeding. As such, plaintiffs are actually invoking the provisions of LSA-C.C.P. art.2004, which provides that an action to annul a judgment obtained by fraud or ill practices must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practice. Plaintiffs have alleged in their petition that they discovered both the Judgment of |7January 6, 1992, and Har-grove’s allegedly fraudulent acts[4] in obtaining that Judgment, in May of 1996. Therefore, on its face, the petition is timely.
This case can be contrasted with Williams v. Hamilton, 351 So.2d 863 (La.App. 2 Cir. 1977), wherein the court found that the thrust of plaintiffs’ case was not to have the judgment declared null, but was to void the judicial sale of succession property. As such, the two year prescriptive period of LSA-C.C. art. 3543 applied in that case.
This case is similar to Schoen v. Burns, 321 So.2d 908 (La.App. 1 Cir.1975). In that case, the plaintiff, child and forced heir of the decedent (his father), alleged that his father’s universal legatee fraudulently concealed knowledge of his whereabouts from the court, causing a judgment of possession to be *219 rendered excluding plaintiff and depriving him of his legitime. The court held that LSA-C.C.P. art.2004 applied, rather than the provisions of LSA-C.C. art. 3542 (five year prescription on actions to reduce excessive donations). We note that since- plaintiffs’ mother died in 1980, they are also her forced heirs.
Succession of Hearn, 412 So.2d 692 (La.App. 2 Cir.1982), relied upon the rationale in Schoen v. Burns, supra, to affirm a trial court judgment annulling a judgment that placed decedent’s widow in possession of his entire estate. The appellee was his daughter by another marriage, who alleged that her father’s widow knew of her existence, but filed affidavits with the court verifying that the decedent had no descendants. Hearn interpreted Schoen v. Burns as follows:
The court in Schoen reversed a summary judgment which held that the plaintiff, a forced heir, had lost his cause of action to reduce an excessive donation because he instituted his suit more than five years after the will was probated. The Schoen case held that if the plaintiff could establish the judgment was obtained by fraud and ill practice and |8if he instituted his suit within one year of his discovery of the fraud and ill practice, that he could recover his legitime. The rationale of the court was that the action of nullity includes within it the right to claim the legitime and that the action of nullity is a separate and distinct cause action from the action to reduce an excessive donation. Schoen further holds that the action of nullity is subject only to the one year prescriptive period set forth in LSA-C.C.P. art.2004 and is totally unaffected by the five year prescription contained in LSA-C.C. art. 3542.
We construe Schoen as interpreting two provisions of the law containing conflicting prescription periods as applicable to the facts presented there which bear much similarity to the facts developed in the trial of this case.
* * * * . * *
We believe Schoen to contain a reasonable and sound solution to the situation where the forced heir seeks the return of his legitime more than five years after a will is probated and within one year of his discovery of the fraud. We, however, recognize that Schoen is a decision of the First Circuit and that the rationale contained in it has never been reviewed by our supreme court. We further note that appellant has cited numerous cases decided by the supreme court which have held actions to reduce excessive donations prescribe in five years from the date the will is probated. We, however, find the cases relied upon by appellant can be of no comfort to her because the supreme court has recognized that a forced heir may sue for his legitime more than five years after the will is probated if he has been deprived of it by fraud of which he was unaware due to no neglect on his part.
In the case of Draper v. Van Leer, 197 La. 259, 1 So.2d 513 (1941), a suit by a forced heir against an executrix, the court stated:
“The plaintiff alleges the exercise of diligence in trying to locate his father, a,nd fraud and concealment on the part of defendant, Mrs. Van Leer. These allegations, if proven, would have the effect of exempting plaintiff from the prescription under Article 3542 of the Revised Civil Code. The rule was stated in Cox v. Von Ahlefeldt, supra (105 La. [543]) on page 586 (30 So. [175] on page 216 [(1900)]), as follows:
‘ * * * Those who claim exemption from prescription by reason of ignorance resulting from fraud must allege and show that such ignorance was neither willful nor negligent.’” Id. at 516.
Succession of Hearn at 697-698.
Clearly, as to defendant Hargrove, the allegations of fraud defeat the Exception of Prescription. However, plaintiffs have not pled any fraudulent behavior on the part 19of the third party purchasers, the Mayeauxs. Therefore, as to them, the cause of action is prescribed under LSA-C.C.P. art. 2004. See Bordelon v. Bordelon, 180 So.2d 855 (La.App. 3 Cir.1965).
Accordingly, the Judgment granting Har-grove’s Exception of Prescription is reversed. *220 The Exception of Prescription is affirmed in favor of the Mayeauxs, and the case is remanded for further proceedings.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED

. Plaintiffs’ petition does not seek to annul the sale of the home to the third parties, the May-eauxs. Plaintiffs named them in the petition as necessary parties.

. Plaintiffs designated the record, so this information has been gleaned from the briefs.

. Appellees attach a copy of this petition to their appellate brief. However, this court is prohibited from considering any evidence or pleadings that are not included in the appellate record. LSA-C.C.P. art. 2164. One of the parties should have designated this pleading to be included in the appellate record. U.R.C.A. 2-1.17; Leyva v. Iberia General Hospital, 93-768 (La.App. 3 Cir. 3/2/94), 634 So.2d 1297, rev. on other grounds, 94-0795 (La. 10/17/94), 643 So.2d 1236.

. Fraud must be pleaded with particularity. LSA-C.C.P. art. 856. Plaintiffs have pleaded fraud and ill practices in their petition very specifically.